United States District Court
Southern District of Texas
**ENTERED**
August 13, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| ABRAM URESTI GARZA, §<br>G-562-22 §<br> §<br>Plaintiff, §<br> §<br>VS. §<br> §<br>J.E. EDDIE GUERRA, *et al.*, §<br> §<br>Defendants. § § § | CIVIL ACTION NO. 7:23-CV-92 |

## REPORT AND RECOMMENDATION

Plaintiff Abram Uresti Garza, proceeding *pro se*, filed this civil-rights suit under 42 U.S.C. § 1983 when he was incarcerated in the Hidalgo County Adult Detention Center. The court previously granted Garza leave to proceed *in forma pauperis*. (Docket No. 12.) After Garza advised the court that he was no longer in custody, the court entered an amended fee collection order, reminding Garza that he was still responsible for paying the filing fee despite being released from jail. (*See* Docket Nos. 16 & 17.) The court ordered Garza to begin paying the filing fee in installments, with the first payment due by July 1, 2024. (Docket No. 17). Garza, however, has failed to comply with the amended fee collection order. Accordingly, the undersigned recommends that this action be dismissed.

### I. BACKGROUND

Garza initiated this action in March 2023 by filing a prisoner's civil-rights complaint under 42 U.S.C. § 1983. (Docket No. 1.) The court granted Garza's application for leave to proceed *in forma pauperis*. (Docket No. 12.) In the order, the court explained that this case is governed by the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(b), which requires prisoners who

1

proceed *in forma pauperis* to pay the full balance of the $350.00 filing fee for indigent litigants. (*Id.*)

In May 2024, Garza filed a Notice of Change of Address, informing the court that he had been released from custody at the Hidalgo County Adult Detention Center. (Docket No. 16.) On May 30, 2024, the court entered an amended fee collection order. (Docket No. 17.) Citing *Gay v. Texas Department of Corrections State Jail Division*, 117 F.3d 240, 242 (5th Cir. 1997), the court reminded Garza that he was still responsible for paying the filing fee despite his release from custody. (*Id.*) The court noted that to date, Garza had not made any installment payments toward the $350.00 filing fee. The court then ordered Garza to pay the filing fee by submitting $10.00 monthly installments until the entire $350.00 filing fee was satisfied, and that the first monthly installment was due no later than July 1, 2024. (*Id.*) Garza was warned that if he failed to comply as directed, his case may be dismissed for want of prosecution under Rule 41(b) of the Federal Rules of Civil Procedure. (*Id.*) The compliance deadline has expired and Garza has not complied with the court's amended fee collection order of May 30, 2024.

## II. <u>ANALYSIS</u>

The plaintiff's action is subject to dismissal for failure to prosecute. Rule 41(b) provides that an action may be involuntarily dismissed where a party "fails to prosecute or to comply with these rules or a court order[.]" Fed. R. Civ. P. 41(b). Such a dismissal may be made upon motion by the opposing party or on the court's own motion. *See McCollough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). While a court should be "appropriately lenient" with a party who is proceeding *pro se*, the "right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Husley v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

As previously explained to the plaintiff, the PLRA requires prisoners who proceed *in forma pauperis* to pay the full balance of the $350.00 filing fee for indigent litigants, and release from custody does not excuse a plaintiff's compliance with the PLRA. *See also Greathouse v. Tex. Dep't of Crim. Just.*, 379 F. App'x 403, 404 (5th Cir. 2010) (per curiam) ("There is no right to proceed in a civil action without paying a filing fee, and the PLRA requires prisoners to consider the filing cost prior to filing a civil action in federal court."). Here, the plaintiff has failed to comply with the relevant rule and court order. Accordingly, this action should be dismissed for failure to prosecute. *See Gates v. Strain*, 885 F.3d 874 (5th Cir. 2018) (explaining that a district court may dismiss an action for failure to prosecute); *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440–41 (5th Cir. 2016) (explaining that a district court may dismiss an action for failure to comply with court orders); *Greathouse*, 379 F. App'x at 404 (affirming district court's dismissal of a civil-rights complaint under FRCP 41(b) where the plaintiff failed to comply with the court's order to pay a filing fee). It appears that no lesser sanction is available based on the plaintiff's deficiencies in this action.[1]

### III. CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that the plaintiff's civil-rights action pursuant to 42 U.S.C. § 1983 be **DISMISSED** without prejudice based on a failure to prosecute.

### NOTICE

The Clerk shall send copies of this Report and Recommendation to the plaintiff, who has fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. §

---

[1] Should the plaintiff respond to the court's amended fee collection order (Docket No. 17) by correcting his deficiencies, the Court may then wish to consider whether less drastic sanctions may be appropriate.

4

636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

　　SO ORDERED, the 12th of August, 2024 at McAllen, Texas.

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　NADIA S. MEDRANO
　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge